IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-126-BO

ANGELA PALMER,                          )
                                        )
       Plaintiff,                       )
                                        )
v.                                      )    **ORDER**
                                        )
CAROLYN COLVIN,                         )
Acting Commissioner of Social Security, )
                                        )
       Defendant.                       )
_____)

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 21 & 27]. A hearing on this matter was held in Elizabeth City, North Carolina on March 13, 2014 at 2:45 p.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED and the matter is REMANDED for an award of benefits.

## BACKGROUND

Plaintiff filed an application for a period of disablility and disability insurance benefits on January 26, 2010. She alleged disability beginning on September 19, 2005, but later amended her onset date to October 8, 2009. Her claim was denied initially and upon reconsideration. On August 2, 2011, plaintiff appeared with counsel and testified before an Administrative Law Judge ("ALJ"). The ALJ issued a decision finding plaintiff not disabled at step five of the sequential evaluation process on October 20, 2011. The Appeals Council denied plaintiff's request for review of that decision on December 18, 2012, rendering the ALJ's decision the final

decision of the Commissioner. Plaintiff then commenced this action and filed a complaint pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Ms. Palmer suffers from fibromyalgia with chronic fatigue syndrome, migraine headaches, degenerative disc disease of the lumbar spine, osteoporosis, and depression. [Tr. 27–28].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is

2

equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred at step four of the sequential evaluation process. The ALJ's finding that plaintiff's RFC is light is not supported by substantial evidence. Rather a review of the record shows that the proper RFC for plaintiff is sedentary. With an RFC of sedentary a finding of disabled is directed by the Medical Vocational Guidelines ("grids") once Ms. Palmer attained 50 years of age on December 13, 2009.

The ALJ erred by providing inadequate analysis regarding nurse practitioner Szoska's opinion. The ALJ gave Ms. Szoska's evaluation little weight because a nurse practitioner is not an acceptable medical source under 20 C.F.R. 404.1513(d)(1). [Tr. 33]. The ALJ stated that "[o]nly acceptable medical sources can give medical opinions." [*Id.* (citing 20 C.F.R. 404.1527(a)(2))]. However, this Court has previously held that where a non-acceptable medical source, such as a nurse practitioner, has treated a patient under the supervision of physicians and renders an opinion based on the course and scope of such supervised treatment, the nurse practitioner's opinion deserves the same weight as that of a treating physician. *Bond v. Astrue*, No. 4:09-CV-73-BO, *4 (E.D.N.C. Apr. 21, 2010). In other words, if the facts of treatment show the primary caregiver is a non-acceptable medical source, such as a nurse practitioner, and a

3

doctor adopts the findings and information about the patient and is engaged in the treatment, the nurse practitioner's evaluation <u>becomes</u> the report of the doctor. For the Social Security Regulations to blindly ignore treatment because the person treating the patient is not a doctor is completely inconsistent with modern medical care. Here, Nurse Practitioner Szoska worked under the supervision of Dr. Norem. This is evidenced by the Physical Residual Functional Capacity Questionnaire completed by Dr. Norem in which she adopted the Ms. Szoska's evaluations. [Tr. 361–66]. As such, the evaluation and opinion of Ms. Szoska are properly viewed as the equivalent of a medical source opinion and are entitled to the same weight normally afforded them.

A treating physician's opinion controls unless it is unsupported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Accordingly, the ALJ may "give less weight to a treating physician's opinion in the face of persuasive contradictory evidence." *Johnson v. Barnhart*, 434 F.3d 650, 654 n.5 (4th Cir. 2005) (quoting *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001)). Despite the ALJ's unsupported statement otherwise [Tr. 32–33], here, there is no persuasive contrary evidence, so Ms. Szoska's findings should have been entitled to great weight.

Ms. Szoska provided two functional capacity assessments of plaintiff. On October 26, 2009, Ms. Szoska provided the following restrictions: no operating dangerous equipment; no prolonged walking or standing – 10 to 15 minutes at a time; no crawling or stooping; no pushing, pulling, or carrying more than 10 pounds. [Tr. 358]. On August 23, 2010, Ms. Szoska stated that the claimant's chronic fatigue, fibromyalgia, and chronic joint pain were not consistently controlled despite plaintiff's best efforts and exceptional compliance with treatment. Most days

4

her fatigue was overwhelming and her pain was problematic. The ALJ gave these opinions little weight because he incorrectly viewed them as a non-acceptable medical source opinion as discussed previously. He then proceeded to give the two non-examining state agency medical consultants significant weight and a non-examining psychological consultant some weight. [Tr.32]. The ALJ also gave some weight to a consultative examiner who only evaluated plaintiff on one occasion. [Tr. 32, 340–42]. By giving these sources more weight than Ms. Szoska, the ALJ was in direct conflict with the Commissioner's rules and erred. *See Vargas v. Sullivan*, 898 F.2d 293, 295 (2d Cir. 1990).

Giving the medical sources their proper weight should have resulted in a finding of an RFC of sedentary. With plaintiff's educational background and work history, an RFC of sedentary would have led to a finding of disabled pursuant to the grids when she reached the age of 50. *See* 20 C.F.R. Pt. 404, Supt. P, App'x II § 201.14. Accordingly, the Court finds that plaintiff became disabled on December 13, 2009 which is the day on which she turned 50 years old.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Reversal without remand is appropriate where, as here, the record does not contain substantial evidence to support a decision denying disability, and reopening the record for more evidence would serve no purpose. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). Accordingly the Court reverses the decision of the Commissioner and remands to the agency for an award of benefits.

5

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This _17_ day of March, 2014.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE